**Sadie SINGH; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70105.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

Sadie Singh, Cerritos, CA, pro se.

Krish Naidoo, Cerritos, CA, pro se.

Aimish S. Naidoo, Cerritos, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Sadie Singh and her family (the "petitioners"), natives and citizens of South Africa, petition pro se for review the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a. *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The petitioners' contention that the BIA's streamlining procedures violate due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir. 2003).

Substantial evidence supports the IJ's determination that the petitioners did not establish they were persecuted on account of their Indian ethnicity because they testified inconsistently about the motivation for the crimes committed against them and they submitted no corroborating evidence to support their claim. *See Chebchoub,* 257 F.3d at 1044–45.

Because the petitioners failed to establish their eligibility for asylum, they necessarily failed to meet the higher burden required to demonstrate eligibility for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 965 (9th Cir.1996) (en banc).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.